UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Thomas Michael Stevens, Sr., | ) | Case No. 11-23078 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: February 14, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:           Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:    Estate

Date of Order Authorizing
Employment:                  May 31, 2011

Period for Which
Compensation is sought:      May 31, 2011 to Close of Case

Amount of Fees sought:       $1,125.00

Amount of Expense
Reimbursement sought:        $0.00

This is an:    Interim Application __      Final Application  _X_

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  N/A  .

Dated: December 9, 2011                 Joseph A. Baldi, Trustee of the Estate of
                                        Thomas Michael Stevens, Sr., Debtor

                                        By:    /s/Joseph A. Baldi, Trustee
                                               Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Thomas Michael Stevens, Sr., | ) | Case No. 11-23078 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: February 14, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Thomas Michael Stevens, Sr. ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,125.00 as final compensation for services rendered as Trustee in this case from May 31, 2011 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on May 31, 2011 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Estate's primary assets consisted of the Debtor's interest in an automobile ("Vehicle").

4. The bar date for filing claims in this case was December 1, 2011.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

### Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A. Trustee reviewed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs. Trustee conducted an examination of the Debtor pursuant Section 341 of the Code.

B. Trustee investigated the value of the Vehicle; the Trustee determined that there was equity in the Vehicle and the Trustee negotiated with the Debtor to purchase the Estate's equity in the Vehicle; upon receiving an acceptable offer from the Debtor, the Trustee directed his attorneys to prepare and present a Motion to Approve the Sale of the Vehicle to the Debtor; upon the entry of this Court's order authorizing the sale, the estate recovered gross proceeds of $4,500.00;

C. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F.      Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

G.      Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.      Trustee has collected the sum of $4,500.00 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9.      Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10.     During the period covered by this Application, Trustee has spent 4.40 hours rendering services on behalf of this Estate with a value of $953.50. Trustee estimates that he will spend an additional four hours rendering services with a value of $990.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11.     The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $1,125.00 as follows:

| | |
|---|---|
| 25% of the first $4,500.00 | $1,125.00 |
| Total allowable compensation | $1,125.00 |

Trustee anticipates that there will be sufficient funds to make a distribution to general unsecured creditors equal to approximately 3.4% of allowed timely filed claims. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

3

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as Trustee from the time of his appointment through the closing of this case in the amount of $1,125.00. This amount represents reasonable compensation for the services rendered by Trustee and is equal the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15. The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith. A final fee application for the Trustee's Attorneys has also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as Trustee of the Estate of Thomas Michael Stevens, Sr. requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $1,125.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from May 31, 2011 through the closing of this case;

B. Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case; and

      C.    For such other and further relief as this Court deems appropriate.

Dated:  December 9, 2011        Joseph A. Baldi, as trustee of the estate of
                                      Thomas Michael Stevens, Sr., debtor

                                        By:_____/s/_____
                                             Joseph A. Baldi

Joseph A. Baldi  
Attorney I.D. No. 00100145  
Elizabeth C. Berg  
Attorney I.D. No. 6200886  
19 S. LaSalle St.   Suite 1500  
Chicago, IL  60603  
(312) 726-8150

5

**Trustee's Itemized Billing Statements**

Exhibit A

# Baldi Berg & Wallace, Ltd.
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Phone: (312) 726-8150
Fax:     (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

December 8, 2011
Invoice No:   01996

Joseph A. Baldi, Trustee
Baldi Berg & Wallace
19 S. LaSalle St., Suite 1500
Chicago, IL 60603

**In Reference to:**   *Stevens, Thomas Michael - Trustee Matters*

## Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 7/20/2011 | RKP | Letter to Debtor's attorney re: offer to purchase vehicle or demand for turnover | 0.30<br>$190.00/ hr | $57.00 |
| 8/29/2011 | RKP | Review case status and prepare update for meeting with J. Baldi | 0.10<br>$190.00/ hr | $19.00 |
| 10/03/2011 | RKP | Review and update case status in system for 3rd quarter review | 0.10<br>$190.00/ hr | $19.00 |
| 12/05/2011 | RKP | Import claims and review (.1); and update system with information necessary to prepare TFR and TDR (.3) | 0.40<br>$190.00/ hr | $76.00 |
| 12/07/2011 | RKP | Prepare Trustee final fee application (.8); coversheet, proposed order and affidavit (.3); prepare TFR (1.0); and NFR (.4) | 2.50<br>$190.00/ hr | $475.00 |
| 12/08/2011 | JAB | Review, edit and execute TFR and related documents | 0.50<br>$425.00/ hr | $212.50 |
| 12/08/2011 | RKP | Compile documents as required to submit TFR to UST (.4); prepare transmittal of documents to UST (.1). | 0.50<br>$190.00/ hr | $95.00 |

**Baldi Berg & Wallace, Ltd**                                                                                     12/07/2011

Stevens, Thomas Michael - Trustee Matters                                                         Page    2

---

|                      |            |
|---------------------:|-----------:|
| Total Fees           | $953.50    |
| Total New Charges    | $953.50    |
| Previous Balance     | $0.00      |
| Balance Due          | $953.50    |

### *Timekeeper Summary*

| Name              | Hours | Rate     |
|-------------------|-------|----------|
| Joseph A Baldi    | 0.50  | $425.00  |
| Ricki K Podorovsky| 3.90  | $190.00  |

**Trustee's Final Fee Application**   **Thomas Michael Stevens, Sr., Debtor**
                                       **Case No. 11-23078**




**Rule 2016 Affidavit**




**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Thomas Michael Stevens, Sr., | ) | Case No. 11-23078 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

### Trustee's Affidavit Pursuant to Rule 2016

State of Illinois )
County of Cook )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg & Wallace, Ltd., a law firm at which I was employed during the pendancy of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on December 14, 2011

_____
Notary Public

[Notary seal: Public - State of Illinois, Commission Expires Jun 16, 2012]

Exhibit B